UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALLEN STUCKEY, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|     v. | ) Case No. 3:16-CV-768 JD |
| | ) |
| 21st CENTURY CENTENNIAL | ) |
| INSURANCE COMPANY, | ) |
| | ) |
|     Defendant. | ) |

**OPINION AND ORDER**

Allen Stuckey ran over a dead deer while driving on the Indiana Toll Road. His car jerked as he hit the deer, injuring his neck and knee. He then sought uninsured motorist coverage for those injuries—the uninsured motorist being an unknown vehicle that Dr. Stuckey surmises had previously struck and killed the deer. 21st Century Centennial Insurance Company denied his claim, so Dr. Stuckey filed this action. 21st Century has now moved for summary judgment. It contends that the unknown vehicle did not hit Dr. Stuckey, as required by the policy language, and that he does not have a corroborating witness, as also required by the policy when there is no physical contact with the uninsured vehicle. For the following reasons, the Court grants the motion.

### I. FACTUAL BACKGROUND

On October 9, 2014, Dr. Allen Stuckey was alone in his car, driving westbound on the Indiana Toll Road near South Bend. He was driving in the right lane behind a semi, and pulled into the left lane to pass. Shortly after pulling into the left lane, he saw a deer laying across the lane. The deer appeared dead, and Dr. Stuckey believed that it may have been hit by a truck. Dr. Stuckey was unable to pull back into the right lane since he was already beside the truck, so he

hit the brake for a moment before colliding with the deer. His car pitched up and traveled over the deer. Dr. Stuckey testified that the car threw him in different directions, causing his left knee to hit the steering column and torqueing his neck. Dr. Stuckey continued driving and did not stop at the site of the incident, but he called 911 four or five minutes later to report the deer in traffic.

At the time of the accident, Dr. Stuckey had an auto insurance policy with 21st Century Centennial Insurance Company. That policy provided certain coverage for bodily injuries sustained in an accident with an uninsured motorist. In particular, the policy stated that 21st Century "will pay compensatory damages that an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury: a. Sustained by an insured; and b. Caused by an auto accident with an uninsured motor vehicle." [DE 33-2 p. 14 (internal emphases omitted)]. The policy further defines "uninsured motor vehicle," in pertinent part, as a vehicle that "is a hit-and-run vehicle whose operator or owner cannot be identified and which hits . . . a covered auto." *Id.* p. 15 (internal emphases omitted). In addition, the policy states, "When there has been no physical contact with the hit-and-run vehicle, the insured who claims injury or damage must provide corroborating evidence of the existence of the hit-and-run vehicle from a witness other than an insured who is making a claim." *Id.*

After the incident, Dr. Stuckey submitted a claim to 21st Century. However, 21st Century denied coverage for Dr. Stuckey's bodily injuries. Dr. Stuckey and his wife thus filed this suit. In the first count, they seek coverage for Dr. Stuckey's injuries. In the second count, they assert that 21st Century denied their claim in bad faith. 21st Century removed this action to federal court on the basis of diversity jurisdiction. Discovery closed, and 21st Century has now moved for summary judgment.

## II. STANDARD OF REVIEW

Summary judgment is proper when the movant shows that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material" fact is one identified by the substantive law as affecting the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" exists with respect to any material fact when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Where a factual record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 289 (1968)). In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in that party's favor. *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008); *King v. Preferred Tech. Grp.*, 166 F.3d 887, 890 (7th Cir. 1999).

## III. DISCUSSION

21st Century moves for summary judgment on both counts. It argues that it owes no uninsured motorist coverage for Dr. Stuckey's injuries under these circumstances, and that it cannot be liable on the bad faith count because its denial of coverage was correct, or at the very least was reasonable. Dr. Stuckey's claims arise under Indiana law, so the Court must resolve the claims as would the Indiana Supreme Court. *State Farm Mut. Auto. Ins. Co. v. Pate*, 275 F.3d 666, 669 (7th Cir. 2001). In the absence of controlling precedent by the Indiana Supreme Court, the Court gives great weight to decisions of the state's appellate courts. *Id.*

The Court begins with the question of whether the injuries were covered under the policy, which is dispositive for both counts. 21st Century advances two arguments on that front. First, it

3

argues that there is no coverage because there is no evidence that a hit-and-run vehicle "hit" Dr. Stuckey's car. Second, it argues that even if the incident would otherwise be covered, Dr. Stuckey does not have a corroborating witness, as the policy requires when there "has been no physical contact with the hit-and-run vehicle." The Court agrees with 21st Century's second argument, but begins with its first argument to put the issues in context.

The policy provides uninsured motorist coverage if a hit-and-run vehicle "hits" an insured vehicle. There is no dispute here that the alleged hit-and-run vehicle did not come into contact with Dr. Stuckey's car, but the parties argue over how expansively the term "hit" can be construed. Indiana courts have held that the term "hit" includes both direct and indirect physical contact. *Will v. Meridian Ins. Group, Inc.*, 776 N.E.2d 1233, 1235 (Ind. Ct. App. 2002); *Ackles v. Hartford Underwriters Ins. Corp.*, 699 N.E.2d 740, 745 (Ind. Ct. App. 1998); *see also Allied Fidelity Ins. Co. v. Lamb*, 361 N.E.2d 174, 178 (Ind. Ct. App. 1977). Thus, Indiana courts have stated that coverage could exist if "an unidentified vehicle strikes another vehicle propelling it into the insured's automobile and where the unidentified automobile strikes a telephone pole causing it to strike the insured's automobile." *Will*, 776 N.E.2d at 1235. Coverage could likewise exist if a hit-and-run vehicle "caused a rock to crash through the window of the insured's vehicle." *Id.* In *Lamb*, which involved that situation, the court held that the requirement of physical contact is met if "a substantial physical nexus between the hit-and-run vehicle and the intermediate object is shown and if the transmitted force is continuous and contemporaneous, as when one object hits a second impelling it to strike a third . . . ." 361 N.E.2d at 178. These holdings demonstrate that direct physical contact between two vehicles is not required to implicate uninsured motorist coverage. Indiana courts have cautioned, however, that these

4

holdings "'should not be interpreted as allowing all types of indirect physical contact to satisfy'" this requirement. *Ackles*, 699 N.E.2d at 745 n.4 (quoting *Lamb*, 361 N.E.2d at 179).

Neither party has cited, nor has the Court located, an Indiana case that addresses the sequence here, where a foreign body enters the roadway, is struck by one vehicle, comes to rest, and is then struck again by the insured's vehicle. As 21st Century argues, the deer was not propelled into Dr. Stuckey's car, as the deer had come to rest for an unknown amount of time before he struck it. The sequence here thus does not match any of the scenarios that *Lamb* or *Will* discussed as constituting indirect contact where a hit-and-run vehicle strikes an intermediate object (hitting a second vehicle into the insured's car, knocking a light pole onto the insured's car, or propelling a rock into the insured's car). And as the Seventh Circuit discussed in *Milam*, it is difficult to describe an insured's car as being hit or struck by another car if the insured's car strikes an object that has already come to rest:

> We know that striking is possible at a distance between the striker and the struck, so if the vehicle throws off some object which strikes the insured's vehicle missile-like, the accident is covered by the policy. But when the object comes to rest, and is struck rather than doing the striking—a difference that under the name trespass versus case played a fundamental role in tort pleading until modern times—the language of the policy can no longer be interpreted as providing coverage.

*Milam v. State Farm Mut. Auto. Ins. Co.*, 972 F.2d 166, 169 (7th Cir. 1992). If *Milam* was the last word in this issue, the outcome would be clear.

Since *Milam*, however, the Indiana court of appeals appears to have adopted a more expansive view. In *Will*, a load of debris had apparently fallen from a truck and came to rest in the road, where the plaintiff ran into it and suffered injuries. 776 N.E.2d at 1237. The court did not require the plaintiff to show that the force was continuously transmitted through the objects to the plaintiff's vehicle or that the objects were still in motion when they came into contact with the plaintiff's vehicle. Instead, it held that the plaintiff could recover "upon providing evidence

5

sufficient to establish that there was a continuous sequence of events that clearly began with a load of debris falling from an unidentified vehicle and ended in [the plaintiff's] contact with the pile of debris." *Id.* Dr. Stuckey thus argues under that framework that there was a continuous sequence that began with an unidentified vehicle striking a deer and that ended in his contact with the deer. It is not clear that Indiana would extend that reasoning beyond the context of vehicular debris though. If a hit-and-run "vehicle" is construed broadly to include its parts or its load, then it is still possible to say that there is contact between the hit-and-run vehicle and an insured if the vehicle's parts or its load are laying in the roadway and are struck. Here, however, it would be quite unnatural to say that the unknown vehicle "hit" Dr. Stuckey's car just because they both struck the same deer at different times.

The Court need not definitively resolve that question, though, as it finds that the corroborating witness provision would apply regardless. The policy states that, if "there has been no physical contact with the hit-and-run vehicle," the insured "must provide corroborating evidence of the existence of the hit-and-run vehicle from a witness other than an insured who is making a claim." Dr. Stuckey concedes that he does not have any such witness. However, he argues that if the hit-and-run vehicle "hit" him, as just discussed, then there was also "physical contact," so this provision does not apply. Indiana courts have in fact previously interpreted those two terms similarly. *See Will*, 776 N.E.2d at 1235 ("hit"); *Lamb*, 361 N.E.2d at 179 ("physical contact"). That cannot be the case here, though, as interpreting those two terms the same would read the corroborating witness provision out of the policy.

"An insurance policy is a contract, and as such is subject to the same rules of construction as other contracts." *Dunn v. Meridian Mut. Ins. Co.*, 836 N.E.2d 249 (Ind. 2005); *State Farm Mut. Auto. Ins. Co. v. Cox*, 873 N.E.2d 124, 127 (Ind. Ct. App. 2007). "[W]hen interpreting an

6

insurance contract, 'courts must look at the contract as a whole.'" *Cox*, 873 N.E.2d at 127 (quoting *Dunn*, 836 N.E.2d at 252). In doing so, they make "every attempt to construe the contract's language 'so as not to render any words, phrases, or terms ineffective or meaningless.'" *B&R Oil Co., Inc. v. Stoler*, 77 N.E.3d 823, 827 (Ind. Ct. App. 2017) (quoting *Four Seasons Mfg., Inc. v. 1001 Coliseum, LLC*, 870 N.E.2d 494, 501 (Ind. Ct. App. 2007)). "The court must accept an interpretation of the contract that harmonizes its provisions, as opposed to one that causes the provisions to conflict." *Four Seasons*, 870 N.E.2d at 501; *see also Vann v. United Farm Family Mut. Ins. Co.*, 790 N.E.2d 497, 502 (Ind. Ct. App. 2003) ("We must interpret the language of an insurance policy so as not to render any words, phrases, or terms ineffective or meaningless.").

Here, equating "hit" with "physical contact" would negate the corroborating witness provision. The policy provides coverage when a hit-and-run vehicle "hits" an insured, but it also requires a corroborating witness when there is no "physical contact" with the hit-and-run vehicle. Indiana courts have repeatedly held that vehicles that hit nothing at all—so-called "miss-and-run" vehicles—do not give rise to uninsured motorist coverage, meaning every hit-and-run vehicle will have made contact with *something*. *Rice v. Meridian Ins. Co.*, 751 N.E.2d 685, 689 (Ind. Ct. App. 2001); *Pate*, 275 F.3d at 670. If, as used in this policy, "hit" means the same thing as "physical contact," then no hit-and-run claim would ever require a corroborating witness, thus rendering that provision meaningless.

Nor does the fact that Indiana courts have previously interpreted those terms similarly when used on their own mean that the term must have that same meaning here. As the Indiana court of appeals discussed in *Masten*, "[b]ecause we construe insurance policies as a whole in each case, prior cases that focus upon similar or identical clauses or exclusions are not

7

necessarily determinative of later cases because the insurance policies as a whole may differ." *Masten v. AMCO Ins. Co.*, 953 N.E.2d 566, 569 (Ind. Ct. App. 2011). Thus, "the same clause may be construed differently in different cases because the identical clauses are only *part* of each insurance policy under consideration." *Id.*

The Court must therefore accept a reasonable interpretation of "physical contact" that will give effect to the corroborating witness provision, if such an interpretation is possible. *Stoler*, 77 N.E.3d at 827; *Vann*, 790 N.E.2d at 502. As already discussed, Indiana courts have recognized that the term "physical contact" can include either direct contact—contact with the vehicle itself—or indirect contact—contact with an intermediate object conveyed by the vehicle. *See Lamb*, 361 N.E.2d at 179; *see also Will*, 776 N.E.2d at 1235. The Court can give effect to the corroborating witness provision by adopting the narrower interpretation in this context, referring to direct contact. That is a reasonable interpretation of the term physical contact, even if it is not as broad as the meaning Indiana courts have given it when used on its own. In fact, other states routinely interpret "physical contact" in that manner in relation to uninsured motorist coverage. In *Gozhon v. Doe*, 192 Wis.2d 765 (Wis. Ct. App. 1995), the only case the court is aware of that addressed uninsured motorist coverage for a collision with a dead deer on the road, the court held that no coverage was available since the insured only made "physical contact" with the deer, not the hit-and-run vehicle. Again, that is a narrower interpretation than Indiana courts give to the term when used on its own, but that shows that this is a reasonable interpretation to give the term in this context so as to avoid rendering the corroborating witness provision meaningless.

The Court therefore interprets the policy as requiring a corroborating witness if the hit-and-run vehicle does not make direct physical contact with the insured vehicle. Because it is undisputed that the alleged hit-and-run vehicle here did not make direct contact with Dr.

8

Stuckey's car, and because Dr. Stuckey does not have a corroborating witness, he is not entitled to coverage under the policy. The Court accordingly grants 21st Century's motion for summary judgment on his coverage claim.

Finally, since the Court finds that 21st Century did not owe coverage, Dr. Stuckey's bad faith claim necessarily fails.[1] Summary judgment would be warranted on the bad faith claim regardless, though. Dr. Stuckey has not cited a single case that found coverage in these circumstances, where a foreign body entered the roadway, was hit by one vehicle, came to rest, and was then hit by the insured. Nor has he cited any case interpreting a similar corroborating witness provision. Though Dr. Stuckey's arguments on those issues are not unreasonable, neither are 21st Century's. Even if a court were to find that 21st Century was incorrect in its interpretations of the policy, "a good faith dispute about whether the insured has a valid claim will not supply the grounds for recovery in tort for the breach of the obligation to exercise good faith." *Freidline v. Shelby Ins. Co.*, 774 N.E.2d 37, 40 (Ind. 2002); *see also Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 520 (Ind. 1993) (noting that a bad faith claim "does not arise every time an insurance claim is erroneously denied"). Accordingly, the Court grants the motion for summary judgment on the bad faith claim.

## IV. CONCLUSION

For those reasons, the Court GRANTS the defendant's motion for summary judgment. [DE 32]. The Clerk is DIRECTED to enter judgment in favor of the defendant.

---

[1] Dr. Stuckey argues that the motion should be denied as to this claim because some of the facts 21st Century cited were inadmissible. However, those facts were not necessary to 21st Century's argument, which was based on the language of the policy itself rationally supporting its position. And in any event, the burden of proof is on Dr. Stuckey. Dr. Stuckey also suggests that the adjuster was late to an appointment and was discourteous, but that is not the basis of a bad faith claim.

SO ORDERED.

ENTERED: September 28, 2018

                                                                   /s/ JON E. DEGUILIO  
                                                            Judge  
                                                            United States District Court